```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

UNITED STATES OF AMERICA,   :   CRIMINAL ACTION
                            :
v.                          :   NO: 1:11-CR-28-TWT-ECS
                            :
RHETT MAUGHON,              :
RAFAEL VILLARREAL SR.,      :
MARCUS MAUGHON.             :

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter is before the Court on the motion for severance filed by Defendant Villareal, [Doc. 43], adopted as a joint motion for severance by Defendants Rhett and Marcus Maughon. [Doc. 47]. The motions are brought under Rule 8(a) of the Federal Rules of Criminal Procedure to sever the tax counts of the indictment (one through fourteen) from the immigration fraud counts (fifteen through twenty-two). The motions are fully briefed and ready for a report and recommendation. For the reasons stated herein, the undersigned recommends that the motions to sever be **DENIED**.

**II.**
**Discussion**

**A. The Parties' Contentions**

Defendants argue that it is improper under Rule 8 (a) to join the counts charging Defendants with tax fraud conspiracy, false and

fraudulent employment tax returns, false and fraudulent corporate income tax returns and false individual income tax returns ("the Tax Counts") with the conspiracy and substantive counts charging Defendants with inducing and encouraging illegal aliens to reside in the United States ("the Immigration Counts"). In particular, Defendants submit that joinder is improper because the Tax Counts and the Immigration Counts are not "of the same or similar character; are not "based on the same act or transaction;" and are not "connected together or constituting parts of a common scheme or plan." See Rule 8(a), Federal Rules of Criminal Procedure.

The government responds that the counts are properly joined because they arise from the same acts and transactions and are part of a common scheme or plan and because the same evidence will be introduced to prove all counts in the indictment. In support of joinder, the government relies upon a pretrial proffer of evidence to bolster the facts in the indictment. In particular, the government asserts that the Defendants paid illegal aliens in cash, that the cash wages paid to illegals were not reported as required under the tax laws, and that the payment of these wages will be part of the government's proof for both the tax counts and the immigration counts.

In reply, Defendants responds that even with the government's proffer no connection between the Tax Counts and Immigration Counts

2

has been shown that would authorize joinder. Specifically, Defendant contends that the same evidence will not be required to prove both sets of charges as the government maintains.

**B. Joinder under Rule 8.**

Rule 8(a) of the Federal Rules of Criminal Procedure provides as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).

Rule 8(a) allows joinder of offenses against a single defendant that "are of the same or similar character," even if such offenses do not arise at the same time or out of the same series of acts or transactions. Id.; United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002). "Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar character,' which means 'nearly corresponding; resembling in many respects; somewhat alike; having a general likeness.'" United States v. Walser, 3 F.3d 380, 385 (11th Cir. 1993) (quoting United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980)) (internal punctuation omitted). In addition, joinder is appropriate if the offenses "are based on the same act or transaction, or are connected with or constitute parts of a

3

common scheme or plan." Fed. R. Crim. P. 8(a). For reasons of judicial economy, Rule 8 is construed broadly in favor of initial joinder. Walser, 3 F.3d at 385; United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984); United States v. Park, 531 F.2d 754, 761 (5th Cir. 1976).[1]

In this case, joinder would be proper under Rule 8(a) if the offenses alleged are sufficiently related or connected. Two crimes are "connected" together if the proof of one crime constitutes a substantial portion of the proof of the other. United States v. Smalley, 754 F.2d 944, 946 (11th Cir. 1985) (quoting Montes-Cardenas, 746 F.2d at 776). In this case, the government submits that it will prove that Defendants paid cash wages to their employees and that the wages were not reported to the IRS. In connection with its proof of the immigration counts, the government submits that it will prove that unreported cash wages were paid to illegal aliens.

It would appear that payment of unreported cash wages to illegal aliens, even if other wages were paid by check, would facilitate both the immigration and tax offenses. This would be the case because the unreported cash payments would facilitate

---

[1] Fifth Circuit decisions rendered prior to September 30, 1981 are binding precedent on courts of the Eleventh Circuit. See Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

concealment of the employment of illegal workers and would also facilitate the generation of financial gain from the immigration violations through avoidance of taxes and concomitant underpayment of wages.

While the Tax Counts do not totally overlap with the Immigration Counts, the tax fraud, if proven, would certainly appear to be connected with the immigration violations. For example, one impetus for the tax violations would be the need to conceal the fact of the payment of wages to illegal immigrants that could not be legally reported on the appropriate tax returns. Under these circumstances, there would appear to be both an evidentiary overlap and connection between the Tax Counts and the Immigration Counts. See United States v. Kopituk, 690 F.2d 1289, 1313-14 (11th Cir. 1982) (tax counts were part of series of acts arising from the conspiracy and criminal enterprise charged in other counts); see also United States v. Dominguez, 226 F.3d 1235, 1238-39 (11th Cir. 2000) (joinder of drug charges with mortgage fraud upheld). Joinder under Rule 8(a), therefore, would appear to be proper in the instant case.[2]

---

[2] "[T]here is ample authority supporting the position that tax counts can properly be joined with non-tax counts where it is shown that the tax offenses arose directly from the other offenses charged." Kopituk, 690 F.2d at 1313.

This conclusion upholding joinder is also consistent with Smalley, where claims of extortion and false income tax returns were found to be properly joined under Rule 8(a). Smalley, 754 F.2d at 946-947. There, the "logical relationship" was sufficient where the proof of non-tax offenses also constituted a substantial portion of the proof of the tax evasion. Id. at 947. See also United States v. Yefsky, 994 F.2d 885, 895 (1st Cir. 1993) (tax and mail fraud counts properly joined because some of the unreported income was the fruit of mail fraud); United States v. Wirsing, 719 F.2d 859, 862-63 (6th Cir. 1983) (joinder of drug charges with tax evasion charges proper where government contended unreported income was derived from drug conspiracy and proof of evasion was by "indirect net worth" method).

**C. Prejudicial Joinder under Rule 14**

In Defendants' reply briefs, Defendants argue that improper joinder in this case will cause actual prejudice. This argument is in reality an argument under Rule 14 of the Federal Rules of Criminal Procedure relating to prejudicial joinder. Rule 14 of the Federal Rules of Criminal Procedure provides for relief from prejudicial joinder, even where initial joinder is proper under Rule 8.[3] Prejudicial joinder under Rule 14 was not, however, raised

---

[3] Rule 14(a) provides as follows:

6

in the initial motions and may not properly be raised in a reply brief.

Nevertheless, in assessing the merits of a severance motion under Rule 14, the district court must balance the possibility of prejudice to the defendant against the public interest in judicial efficiency and economy. United States v. Eyster, 948 F.2d 1196, 1213-14 (11th Cir. 1991). To prevail on a motion for severance based on prejudicial joinder, the defendant must demonstrate that without severance he is unable to receive a fair trial and that he will suffer actual, compelling prejudice. Walser, 3 F.3d at 386. The general rule, however, is that defendants indicted together should be tried together. United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998); United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991).

In the instant case, Defendants have not made a showing of substantial, actual, compelling prejudice that would deny them a fair trial. Defendants argue that the jury will be prejudiced by hearing evidence of alleged immigration violations that would otherwise be inadmissible in the tax case. Defendants are correct

---

(a) *Relief*. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

7

that some of the evidence of tax violations alleged in the indictment have little to do with the illegal immigration. The allegations of fraud in Defendants' personal tax returns would not appear to be directly connected to the immigration violations, nor would those claims require proof of overlapping facts. Nonetheless, Defendants' arguments for relief from prejudicial joinder are not persuasive. The evidentiary overlap among the related counts makes initial joinder appropriate, and the ability of the trial judge to instruct the jury to avoid confusion should be sufficient to negate any actual prejudice from the unrelated evidence. The record presented on these motions simply does not support severance under Rule 14 even if the issue was properly before the Court on these motions.

### III.
### Conclusion

In conclusion, the undersigned **RECOMMENDS** that the motions for severance of counts [Doc. 43, 47] be **DENIED**.

**SO REPORTED AND RECOMMENDED,** this 17th day of May, 2011.

*/s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)